IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

PATRICK M. GUENTANGUE,

      Plaintiff,

   v.

MAJOR F. RIVAS, et al., in their individual
and official capacities,

      Defendants.

CIVIL ACTION NO.: 5:20-cv-9

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, as supplemented and amended, asserting claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Docs. 1, 4, 8.[1] This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS**:

1. Plaintiff's claims against all Defendants in their official capacity; and

2. Plaintiff's claims against Defendants GEO Group, Inc. and Bureau of Immigration and Customs Enforcement.

However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's retaliation and access to courts claims against Defendants Rivas, Warren, and Gartland; and Plaintiff's procedural due process claims against Defendants Rivas, Warren, Gartland, and Pinto.

---

[1] Plaintiff filed his Complaint on January 17, 2020. Doc. 1. Plaintiff then filed an Amended Complaint on February 5, 2020, which the Court will treat as superseding and operative in this case. Doc. 8.

**PLAINTIFF'S CLAIMS**[2]

Plaintiff advances claims arising under Bivens, 403 U.S. 388. Plaintiff initiated this suit while incarcerated at the Folkston Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia, where he was being held for an immigration violation and awaiting removal proceedings. Doc. 8 at 2. Currently, Plaintiff is incarcerated at Stewart Detention Center in Lumpkin, Georgia. Doc. 12.

While at the Folkston ICE Processing Center, Officer Edwards issued Plaintiff an incident report. Doc. 8 at 3. Plaintiff contested the incident report when he received it, claiming he did not violate facility rules. Id. Additionally, Plaintiff filed an informal grievance challenging the incident report but never received a response to the grievance. Id. Plaintiff also sought assistance from Defendants Rivas, Warren, and Gartland to no avail. Id. Further, Plaintiff states the allegations in the incident report were never investigated nor was a disciplinary hearing held, contrary to facility procedure. Id. Plaintiff claims his due process rights were violated because Defendants did not investigate the disciplinary matter or afford him any chance to contest the disciplinary action taken against. Id. at 4. Plaintiff also alleges Defendant Pinto falsified a Unit Disciplinary Committee ("UDC") hearing report, which states Plaintiff admitted to an infraction, and used this false report as the basis for punishing Plaintiff. Id. at 4–5; Doc. 8-4 at 3. Plaintiff contends the falsified report violates his procedural due process rights. Doc. 8 at 4–5.

Additionally, Plaintiff contends Defendants Rivas, Warren, and Gartland suspended Plaintiff's telephone access as retaliation for Plaintiff filing grievances. Id. Plaintiff alleges the

---

[2] All allegations set forth here are taken from Plaintiff's Amended Complaint. Doc. 8. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

restriction on telephone use interfered with his ability to communicate with his attorney as he prepares for his immigration case, violating his constitutional rights.  Id.  Plaintiff sues Defendants in their individual and official capacities, seeking monetary relief.  Id. at 5.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.     Official Capacity Claims**

Plaintiff brings this action pursuant to Bivens.  "Bivens only applies to claims against federal officers in their individual capacities; it does not create a cause of action for federal officers sued in their official capacities."  Sharma v. Drug Enf't Agency, 511 F. App'x 898, 901 (11th Cir. 2013) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 69–71 (2001)).  "'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit,' and '[t]he terms of the federal government's consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  Id. (quoting JBP Acquisitions, LP v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000)).  There being no plausible allegation the federal government waived its immunity from suit, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief.  The Court should **DISMISS** these claims.

**II.    Claims Against Defendants Bureau of Immigration and Customs Enforcement and GEO Group, Inc.**

Plaintiff seeks to sue Defendants Bureau of Immigration and Customs Enforcement and GEO Group, Inc. for violations of his constitutional rights.  Doc. 8.  In Bivens, the United States Supreme Court "recognized for the first time an implied private action for damages against federal officers" for violations of certain constitutional rights.  Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001).  A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983.  An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct.  Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability.  A

4

plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law.

A Bivens action cannot be brought directly against the United States or against a federal agency. Meyer, 510 U.S. at 472. The proper defendants in a Bivens claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers. Id. at 485–86. Here, Plaintiff seeks to bring claims against a federal agency, the Bureau of Immigration and Customs Enforcement, and a private corporation, GEO Group Inc. These Defendants are not a federal officer and, thus, are not subject to suit under Bivens. See Bosfield v. Ard, Civil Action No. CV513-058, 2013 WL 5574458, *2 (S.D. Ga. Oct. 8, 2013) ("Proper defendants in a Bivens claim are the federal officers who allegedly violated the plaintiff's constitutional rights[.]"). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Bivens claim against Defendants Bureau of Immigration and Customs Enforcement and the GEO Group.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS**:

1. Plaintiff's claims against all Defendants in their official capacity; and

2. Plaintiff's claims against Defendants GEO Group, Inc. and Bureau of Immigration and Customs Enforcement.

However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's retaliation and access to courts claims against Defendants Rivas, Warren, and Gartland; and Plaintiff's procedural due process claims against Defendants Rivas, Warren, Gartland, and Pinto.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate

Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 10th day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA